In the Matter of the MARRIAGE OF Kyle Wayne TAYLOR and Chance Taylor and in the Interest of Jessica Ann Taylor, a Child.

No. 06–98–00068–CV.

Court of Appeals of Texas, Texarkana.

Submitted April 13, 1999.

Decided April 23, 1999.

---

Judy Hodgkiss, The Moore Law Firm, Paris, for appellant.

Brady Fisher, Paris, Edward D. Ellis, Ellis & Clark, Paris, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Kyle Taylor appeals from the division of property in his divorce from his wife, Chance Taylor. Taylor contends that the trial court abused its discretion in dividing the marital estate because the court misidentified land as community property when it was actually his separate property from his previous divorce (from the same woman). Taylor contends that because of this mistake, there was a disproportionate division of property and debts in favor of Chance Taylor.

Kyle and Chance Taylor were first divorced on January 16, 1996. They remarried on December 20, 1996. Kyle filed again for divorce on October 8, 1997. After a hearing, the court granted a second divorce and ordered a property division on May 5, 1998.

The central question is whether real estate was awarded to Kyle as his separate property in his first divorce from Chance. In the second property division, the property was described in findings of fact as community property consisting of 248.93 acres of land in Red River County, Texas, valued at $160,000, and encumbered by a debt in the amount of $65,043.

By definition, property that belongs to a person prior to marriage is characterized as separate property. Logically, property that is a part of a community estate necessarily loses that characterization when the community is divided and the property is awarded to a spouse by a divorce decree. If, through some mistake in the decree, marital property was not divided as part of the community division in a divorce, that community property is then held by the former spouses as tenants in common. *Harrell v. Harrell,* 692 S.W.2d 876 (Tex.1985); *Busby v. Busby,* 457 S.W.2d 551, 554–55 (Tex.1970). In that situation, partition is an appropriate remedy to effectuate a post-divorce division. *Id.*[1]

The language in the first divorce decree divided the property and awarded the property to the spouses using the following language:

### *Property*

The Court finds that Petitioner and Respondent have entered into an agreement for the division of their estate and that the agreement is just and right.

IT IS ORDERRED [sic] AND DECREED that the estate of the parties be, and it is divided as follows.

*Assets Awarded to KYLE WAYNE TAYLOR.* KYLE WAYNE TAYLOR, Petitioner is awarded possession of the following property:

1. Land being AO200 CHEW, B S located at Rt[.] 6, Clarksville, Texas 75426, with indebtness [sic] thereon.

. . . .

6. Any and all livestock with note upon same.

. . . .

*Assets Awarded to CHANCE D. TAYLOR.* CHANCE D. TAYLOR is awarded possession of the following property:

. . . .

7. $15,000.00 lein [sic] on land/timber on land awarded herein to Petitioner, Kyle Wayne Taylor.

IT IS ORDERRED [sic] AND DECREED that petitioner, KYLE WAYNE TAYLOR shall pay, as a part of the division of the estate of the parties, the following debts and obligations and shall indemnify and hold respondent harmless from any failure to so discharge such debts and obligations:

. . . .

5. Debt on land awarded herein to Petitioner mortgaged with Farmers Home Administration.

No appeal was filed from the first divorce decree. Thus, the property division is final. *Dearing v. Johnson,* 947 S.W.2d 641 (Tex.App.-Texarkana 1997, no writ). In the same manner as when reviewing judgments generally, if the decree, when read as a whole, is unambiguous as to the property's disposition, the court must effectuate the order in light of the literal language used. *Wilde v. Murchie,* 949 S.W.2d 331, 333 (Tex.1997).[2] The Court in *Wilde* also held that even if a divorce decree does not clearly contain express language of divestiture, we are to construe the decree as a whole, harmonizing and giving effect to all that is written. *Id.;Constance v. Constance,* 544 S.W.2d 659, 660 (Tex.1976). We are not to give conclusive effect to the judgment's use or omission of commonly employed decretal

---

**1.** Partition is, however, inappropriate if the decree purports to divide the entire community estate, is unambiguous, and neither party directly appeals. *Soto v. Soto,* 936 S.W.2d 338, 340 (Tex.App.-El Paso 1996, no writ); *Acosta v. Acosta,* 836 S.W.2d 652, 654 (Tex. App.-El Paso 1992, writ denied).

**2.** In contrast, if the decree is ambiguous, the court must interpret the judgment by reviewing both the decree as a whole and the record to ascertain the property's disposition. *Wilde v. Murchie,* 949 S.W.2d 331, 333 (Tex.1997); *see Haworth v. Haworth,* 795 S.W.2d 296, 298 (Tex.App.-Houston [14th Dist.] 1990, no writ); *Lohse v. Cheatham,* 705 S.W.2d 721, 726 (Tex. App.-San Antonio 1986, writ dism'd). *See generally Point Lookout West, Inc. v. Whorton,* 742 S.W.2d 277, 278 (Tex.1987).

words, but instead determine what the trial court adjudicated from a fair reading of all the judgment's provisions. *Wilde,* 949 S.W.2d at 333. In addition, the court may consider the entire record to clarify the decree's provisions. *See Point Lookout West, Inc. v. Whorton,* 742 S.W.2d 277, 278 (Tex.1987).

The language of the decree set out above is sufficient to divide the property. This analysis is controlled by *Wilde,* in which decretal language awarding a house was entirely lacking. The Texas Supreme Court in *Wilde* held that the other provisions awarding equity in the house and possession of the house were sufficient to show the intended disposition of the property.

In the present case, the language used in the property division portion of the decree clearly orders the estate divided and then awards possession of the property to the parties according to the division. That is sufficient. Further, if the decree failed to award the land, then it also failed to divide and award *any* of the community property because the same language applies to every piece of property belonging to the community. That is clearly neither the intent nor the effect of the document. The first decree is not subject to collateral attack and must be given full effect.

Accordingly, the trial court erred by characterizing the 248.93 acres as community property for purposes of the second divorce. It is the separate property of Kyle Taylor.

Because the effect of the division in this case did not divest Kyle of his separate property,[3] this error alone is not dispositive of the appeal.[4] The trial court's division of the property should be corrected on appeal only if the trial court clearly abused its discretion by ordering a division that is manifestly unjust and unfair. *Murff v. Murff,* 615 S.W.2d 696, 698 (Tex. 1981); *McKnight v. McKnight,* 543 S.W.2d 863 (Tex.1976); *Martin v. Martin,* 797 S.W.2d 347, 351 (Tex.App.-Texarkana 1990, no writ).

A presumption arises on appeal that the trial court correctly exercised its discretion in dividing property in a divorce proceeding, and the burden rests on the appellant to show from the record that the division was so disproportionate, and thus unjust and unfair, as to constitute an abuse of discretion. *Tschirhart v. Tschirhart,* 876 S.W.2d 507, 509 (Tex.App.-Austin 1994, no writ); *Martin,* 797 S.W.2d at 351. In our review of a division under this abuse of discretion standard, the legal and factual sufficiency of the evidence are not independent grounds of error, but are merely relevant factors in assessing whether the trial court abused its discretion. *In re Marriage of Driver,* 895 S.W.2d 875, 877 (Tex.App.-Texarkana 1995, no writ); *Mai v. Mai,* 853 S.W.2d 615, 618 (Tex.App.-Houston [1st Dist.] 1993, no writ).

---

3. However, only community property may be divided, and a court may not divest a party, of his or her separate property. *Eggemeyer v. Eggemeyer,* 554 S.W.2d 137, 141–42 (Tex. 1977); *Lipsey v. Lipsey,* 983 S.W.2d 345, 350 (Tex.App.-Fort Worth, no pet. h.); *Robles v. Robles,* 965 S.W.2d 605, 614 (Tex.App.-Houston [1st Dist.] 1998, pet. denied).

4. When dividing marital property upon divorce, and absent a reimbursement interest to the community, trial courts may not impose liens on a spouse's separate property for the general purpose of securing a just and right division of marital property. *Heggen v. Pemelton,* 836 S.W.2d 145, 146 (Tex.1992). However, trial courts generally may impose equitable liens on one spouse's separate property as a means for securing the discharge of payments owed by one spouse to the other. *Id.; Winkle v. Winkle,* 951 S.W.2d 80, 87 (Tex.App.-Corpus Christi 1997, writ denied); *In re Marriage of Jackson,* 506 S.W.2d 261, 267 (Tex.Civ.App.-Amarillo 1974, writ dism'd); *see also Mullins v. Mullins,* 785 S.W.2d 5, 11–12 (Tex.App.-Fort Worth 1990, no writ) (reviewing case law on authority of trial courts to impose equitable liens on separate property). Such liens, however, are permissible only against the separate property to which improvement was made at community expense. *Smith v. Smith,* 715 S.W.2d 154, 161 (Tex.App.-Texarkana 1986, no writ).

█ In this case, the trial court issued findings of fact and conclusions of law. Findings of fact in a case tried to the court have the same force and dignity as a jury's verdict upon special issues. *City of Clute v. City of Lake Jackson,* 559 S.W.2d 391, 395 (Tex.Civ.App.-Houston [14th Dist.] 1977, writ ref'd n.r.e.). Findings of fact are not conclusive, however, when the record includes a complete statement of facts. *Grossnickle v. Grossnickle,* 935 S.W.2d 830, 837 (Tex.App.-Texarkana 1996, writ denied); *Middleton v. Kawasaki Steel Corp.,* 687 S.W.2d 42, 44 (Tex.App.-Houston [14th Dist.] 1985), *writ ref'd n.r.e., per curiam,* 699 S.W.2d 199 (Tex.1985).

The specified division of community property in this divorce valued the real property at $160,000, subject to a $65,043 debt, valued cattle at $20,000, subject to a $14,900 debt, and noted the existence of a community credit card debt of $7,300 and a community debt of $600. It is clear that the main asset of the community under this division was the real property—and it is equally clear that the real property was not community property and should not have been considered as part of the division. Further, as a part of that division in this divorce, the trial court awarded a judgment to Chance against Kyle for $45,-000, secured by a lien upon the land. In the absence of the land from the divisible community property, the judgment/lien for $45,000 is greater than the entire net worth of the community estate. Furthermore, Chance retains her lien against the property for $15,000 from the first decree.

█ Kyle Taylor also contends that the valuation of the cattle set by the trial court finds no support in the record. The only evidence about their value comes from the testimony of Chance Taylor, that the cattle were worth the amount of the debt against them, in the "neighborhood of $14,000.00 to $15,000.00." The trial court assessed their value at $20,000. There is no evidence to support the court's assessed value.

Kyle Taylor also contends that the valuation of the land finds no support in the testimony. Chance testified that they had discussed its value as being between $130,-000 and $160,000. Thus, there is some evidence to support the value set on the property by the trial court.

This Court has held that a division of property based upon values not in evidence is error and may result in a division of the marital estate that is not "just and right." *Martin,* 797 S.W.2d at 347. Thus, the error in valuing the cattle is also a factor that we must consider in deciding whether this case must be reversed for a new property division.

█ If we find reversible error in a specific part of the division that materially affects the trial court's just and right division of the entire community estate, we must remand the entire community estate for a new division. *Jacobs v. Jacobs,* 687 S.W.2d 731 (Tex.1985).

█ We conclude that the error in characterization of the separate real property as community property, combined with the inaccurate valuing of the cattle, is of such a magnitude that it materially affects the division of the community. We reverse the judgment of the trial court and remand the cause for a new division of the community estate in accordance with our opinion.