**LINDA SUE BROOKS MALPERE, Plaintiff**

**v.**

**STEVEN JOHN MALPERE, a/k/a STEPHEN JOHN MALPERE, Defendant**

MALPERE v. MALPERE

Civil No. 153/2001

Territorial Court of the Virgin Islands

Division of St. Thomas and St. John

December 29, 2004

119

VINCENT A. FULLER, JR., ESQUIRE, St. Thomas, V.I., *Attorney for Plaintiff.*

JOSEPH J. MINGOLA, II, ESQUIRE, St. Thomas, V.I., *Attorney for Defendant.*

SWAN, *Judge*

## MEMORANDUM OPINION

(December 29, 2004)

Before the Court is Defendant Steven John Malpere, a/k/a Stephen John Malpere's ("Defendant") motion seeking to set aside the default judgment enforcing the parties' Tennessee Divorce Judgment. Plaintiff Linda Sue Brooks Malpere ("Plaintiff") has filed an opposition to Defendant's Motion. For the following reasons, the Defendant's Motion will be denied, and the Tennessee Divorce Judgment will be enforced.

## FACTUAL AND PROCEDURAL HISTORY

Mr. Malpere and Mrs. Malpere have been married to each other an unprecedented three times. The parties' second divorce decree, entered by default judgment, was issued by the Chancery Court for Hawkins County, Tennessee on December 5, 1995. The Tennessee Default Judgment awarded Mrs. Malpere Seventy-Five Thousand Dollars ($75,000.00) for her interest in the real property located at 525 Myrtle Avenue, Garwood, New Jersey; Two Hundred Thousand Dollars ($200,000.00) for her interest in the real property located on Water Island in the United States, Virgin Islands; and Two Hundred Thousand Dollars ($200,000) for her interest in stocks which she owns in Malpere Enterprises, for a total owing to Plaintiff in the amount of Four Hundred and Seventy-Five Thousand Dollars ($475,000.00). Defendant never motioned the Tennessee Court to set aside the Tennessee default judgment. Likewise, he failed to perfect an appeal of the Tennessee judgment. Importantly, Defendant has not submitted any evidence to this Court, verifying or confirming that a court ordered stay was imposed upon the Tennessee default judgment. Therefore, the Court concludes that the Tennessee default judgment is a final judgment.

On March 23, 2001, Plaintiff filed this case for enforcement of a foreign judgment pursuant to 5 V.I.C. 551, seeking to enforce the Default Judgment of the Chancery Court of Hawkins County, Tennessee. On

121

January 23, 2002, this Court scheduled the matter for hearing on April 15, 2002. Defendant failed to appear, answer, or otherwise defend in this suit; therefore, on April 15, 2002, this Court entered Defendant's default and an order enforcing the Tennessee Default Judgment.[1] Subsequently, on May 16, 2002, Defendant filed a motion to set aside the default judgment.

## DISCUSSION

Under the United States Constitution "full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." U.S. CONST. art. IV, § 1. The Full Faith and Credit Clause is made applicable to the Virgin Islands pursuant to Section 3 of the Revised Organic Act of 1954. 68 Stat. 497 (July 22, 1954). Essentially, the Full Faith and Credit Clause generally requires every State to give to a judgment at least the *res judicata* effect which the judgment would be accorded in the State which rendered it. *Durfee v. Duke*, 375 U.S. 106, 109, 84 S. Ct. 242, 11 L. Ed. 2d 186 (1963); *Mills v. Harmon Law Offices, P.C.*, 344 F.3d 42 (1st Cir. 2003). A final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land. *Baker by Thomas v. General Motors Corporation*, 522 U.S. 222, 118 S. Ct. 657, 139 L. Ed. 2d 580 (1998). Both state and federal courts must recognize and give effect to valid judgments rendered by other courts in the United States. *Employers Reinsurance Corporation v. Mid-Continent Casualty Company*, 358 F.3d 757 (10th Cir. 2004). Under the Full Faith and Credit Clause, a domestic judgment taken to another state must be given the same effect the judgment would have in its rendering state. *Schlumberger Technology Corporation v. U.S.*, 195 F.3d 216 (5th Cir. 1999). Pursuant to the Uniform Enforcement of Foreign Judgments Act, a foreign judgment is "any judgment, decree, or order of a court of the United States or any other court which is entitled to full faith and credit in the United States Virgin Islands." 5 V.I.C. § 552 (1992). Therefore, a Court of the Virgin Islands is required to grant full faith and credit to a judgment from a state court of record in the United States. The foreign judgment has equal legal status with a judgment from a Court of the Virgin Islands and,

---

[1] Although the Court orally entered default on April 15, 2002, it was not signed until October 21, 2004.

122

therefore, will be enforced equally with a judgment of the Territorial Court. 5 V.I.C. § 553 (1992). Furthermore, once the court, which originally entered the judgment, had jurisdiction over the case and the parties, and the defendant had an opportunity to appear and defend in the action, a Defendant cannot successfully challenge the validity of the judgment in another state. Rather, the Defendant must challenge the validity and merits of the judgment in the state court which entered the judgment. *Underwriters National Assurance Company v. North Carolina Life and Accidental Health Insurance Guaranty Association*, 455 U.S. 691, 102 S. Ct. 1357, 71 L. Ed. 2d 558 (1982). Therefore, Defendant may challenge the validity of the Tennessee Default Judgment only in the Tennessee Court.

■ The Supreme Court has held that every state court must fulfill the constitutional mandate of affording full faith and credit to judgments entered by the court of sister states. The same principal extends to the Territories of the United States. While this Court must address Defendant's motion to set aside the default judgment under the Federal Rules of Civil Procedure and precedential cases, it will also address the issue pertaining to the Full Faith and Credit Clause and is otherwise precluded from addressing the merits of the underlying dispute in the Tennessee case.

■ Rule 55(c) of the Federal Rules of Civil Procedure, which addresses "Setting Aside Default", requires that a judgment by default be set aside in accordance with Rule 60(b) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(c). The United States Third Circuit Court of Appeal has held that in determining whether to vacate a default judgment under Rule 60(b), the court must consider whether vacating the judgment will prejudice the plaintiff, whether the defendant has a meritorious defense, and whether the default judgment was a result of the defendant's culpable or inexcusable conduct. *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 419-20 (3d Cir. 1987); *Harad v. Aetna Cas. and Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988); *see also United States v. Real Property and All Furnishings Known as Bridwell's Grocery and Video*, 195 F.3d 819, 820-822 (6th Cir. 1999). The trial court may also consider willfulness on the part of the defaulting party. *Brien v. Kullman Industries, Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995). Nonetheless, the decision to vacate a default judgment is left to the sound discretion of the

trial court. *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002); *Powerserve International, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001).

■ The Court will examine the issue of prejudice to the Plaintiff, if the default judgment is vacated. Defendant asserts that Plaintiff will not be prejudiced by the setting aside of the default judgment. Defendant further asserts that because the parties' third divorce action is pending in the Territorial Court, the Court is empowered to determine a settlement of all property including the property subject to the Tennessee judgment. Defendant also asserts that it would be more appropriate for a Virgin Islands Court to settle the matter, since the majority of the parties' property for adjudication is in the Virgin Islands. However, Defendant's arguments are specious and misplaced on the issue of prejudice to the plaintiff. The issue is not the distribution of the property, but it is the enforcement of the judgment under the Full Faith and Credit Clause. The issue is whether Defendant's actions, which delayed disposition of this case, caused prejudice to Plaintiff. Plaintiff prepared for trial on two occasions, and on both occasions Defendant failed to appear in court. The first instance was on November 28, 1995, when Mr. Malpere failed to appear for the scheduled trial before the Honorable Jack R. Musick of the Chancery Court for Hawkins County, Tennessee whereupon a default judgment was entered against him. The second instance was on April 15, 2002, when Defendant failed to appear before this court for a hearing on the enforcement of the Tennessee Default Judgment. Defendant has admitted receiving notice of the April 15, 2002 hearing.[2] Therefore, an order enforcing the Tennessee Judgment was entered against him. While a delay in the satisfaction of a claim rarely serves to establish the degree of prejudice sufficient to prevent the vacating of a default judgment entered at an early stage of the proceeding, an excessive delay is prejudicial. *See Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987).

■ This case is the epitome and consummate embodiment of excessive delay. It has been more than eight (8) years since the under-lying default judgment was entered by the Tennessee Court. Defendant has made no significant or good faith effort to satisfy the judgment. There appears to be no compelling or extenuating circumstances precluding Defendant from paying the judgment. Moreover, there is no

---

[2]   Defendant's Motion to Set Aside Default Judgment, at page 4.

evidence that Defendant ever endeavored to make partial or incremental payments to satisfy the judgment. No cogent reason has been offered by Defendant, justifying his failure to satisfy the Tennessee Judgment. Undeniably, Plaintiff has been severely prejudiced by the failure of Defendant to satisfy the judgment after more than eight years. An objective and conscientious reviewer of Defendant's failure to pay the judgment would summarily conclude that Defendant has absolutely no intention of paying the judgment. Rather, Defendant's conduct demonstrates a conscious and deliberate intention to obstruct, frustrate and impede Plaintiff's efforts to collect on her judgment. Defendant's dismal and callous failure to satisfy Plaintiff's judgment is unconscionable.

It is noteworthy that while Defendant failed to appear for the April 15th, 2002 trial scheduled for 10:30 a.m., he conveniently found time to go next door to the Federal Courthouse to file his petition in bankruptcy. The Court will take judicial notice of the records of the United States Bankruptcy Court. FED. R. EVID. 201. The United States Bankruptcy Court's record reveals that on April 15, 2002, at 10:05 a.m. Defendant filed a voluntary petition in bankruptcy in a case captioned *In re Steven Malpere, Debtor*, No. 302-00009, Chapter 13. The Defendant's address in the petition for bankruptcy is 52 Sprat Bay, Water Islands, St. Thomas, V.I. 00801. While using that address, Defendant was served with court papers on May 29, 2001, on March 22, 2001 and on July 19, 2002. Obviously, by filing his petition in bankruptcy, Defendant would be entitled to an automatic stay of the proceedings in this Court, as of the same day of the trial. 11 U.S.C. § 362. Importantly, the Bankruptcy Court's record in Defendant's bankruptcy case indicates that the Honorable Joseph L. Cosetti, United States Bankruptcy Judge, entered a June 17, 2002 order dismissing Defendant's case, approximately two (2) months after Defendant filed his bankruptcy case. The Bankruptcy Court's order reads in pertinent part as follows:

> The debtor has filed a motion in accordance with 11 U.S.C. § 1307(b) seeking to dismiss this case, and it appears that the case has not been converted previously under 11 U.S.C. § 706, § 1112, or § 1208.

> Accordingly, IT IS ORDERED THAT this chapter 13 case is dismissed.

Defendant acted with "bad faith". In his May 16, 2002 motion to set aside default judgment, Defendant mentions on page four of his motion that "Defendant is presently in bankruptcy ..." A copy of Defendant's petition in bankruptcy was filed with this Court on May 1, 2002. However, Defendant conveniently neglected or surreptitiously failed to inform this Court or to file with this Court a copy of Judge Cosetti's June 17, 2002 order dismissing his bankruptcy case. Only by independent research did this Court recently discover Judge Cosetti's dismissal order for which judicial notice is taken. Undeniably, Defendant was duty bound and obligated to voluntarily inform the Court of the dismissal of his bankruptcy case, since it impacts this case. Rather, the Defendant allowed this Court to continue to believe that the automatic stay emanating from his bankruptcy case was still in effect. Therefore, this Court regards Defendant's conduct of not apprising this Court of the dismissal of his bankruptcy case, as a calculated and deliberate effort to mislead this Court to his advantage.

The Court is not unmindful that the parties subsequently remarried after entry of the Tennessee Judgment. However, insofar as the Court can discern from the record, the parties never petitioned the Tennessee Court to vacate its judgment. The unavoidable conclusion is that the Tennessee Judgment is still valid, despite the parties' remarriage. The Court is cognizant that defaults and default judgments are disfavored. *Enron Oil Corporation v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). However, whether to set aside the entry of default or to vacate a default judgment is left to the discretion of the trial judges. *O.J. Distribution, Inc. v. Hornell Brewing Company, Inc.*, 340 F.3d 345, 353 (6th Cir. 2003); *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002).

The Court next examines whether the default was a result of Defendant's culpable or inexcusable conduct. A defendant's conduct is culpable or inexcusable, if it is willful or in bad faith. *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 657 (3d Cir. 1982); *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 124 (3d Cir. 1983). Defendant claims that the default was not the result of inexcusable neglect. He argues that upon receipt of the notice for the hearing, he notified his attorney, and his attorney mistakenly assumed that the hearing was for the divorce action, captioned: *Stephen John Malpere v. Linda Sue Malpere Family*, No. D58/1998. However, despite notice of the scheduled date, place, and time of the hearing, Defendant's attorney

126

did not appear before this Court and never requested a continuance in this case. Counsel's explanation for his failure to appear on behalf of Defendant is that he mistakenly prepared for the divorce case between the parties. While this case involves the same parties as in the divorce case, the order setting the trial date in this case is specifically captioned *Linda Sue Malpere vs. Steven Malpere a/k/a Stephen John Malpere*, Civil No. 153/2001. The divorce action is captioned *Stephen John Malpere vs. Linda Sue Malpere*, Family No. D58/1998. Receiving notice in one case could hardly rise to the level of mistaking it for the other case simply because the cases involve the same parties, particularly when the cases are different types of lawsuits, with different captions, with different case numbers and assigned to different types of courts. It is noteworthy that the January 23, 2002 order scheduling the April 15, 2002, hearing to enforce the foreign judgment explicitly states that the hearing is scheduled in Courtroom No. III. This Courtroom, which this Court has occupied since 1993, except for one year when it was occupied by Judge Rhys S. Hodge, has never been a part of the Family Court. Moreover, having received notice of a court hearing, if Defendant and his counsel had appeared in the Family Court on the date scheduled for the hearing, which was the same day of the hearing in this Court, both Defendant and his counsel could easily have ascertained that this case, and not the divorce action, was the case to be tried on that day. Similarly, having ascertained that the divorce case was not scheduled for hearing on the same day, and cognizant that this case between the parties is already pending in this Court, these facts should have prompted both Defendant and his counsel to consult their notice of hearing document or the order from this Court for any possible error or mistake, concerning which of the two cases was scheduled for hearing. The Family Court and this Court are housed and located on the second floor in the same edifice or building. Importantly, Defendant failed to appear for the hearing despite being personally served on March 22, 2002, with an order setting the trial date for April 15, 2002. Other than the alleged mistake in assuming that the notice was for a hearing in the parties' divorce case, Defendant offers no legitimate explanation for his failure to appear in this Court on the date of the hearing. The decision by Defendant and his attorney not to appear legally permitted default to be entered against Defendant.

Finally, the court examines whether Defendant has a meritorious defense. A defendant seeking to set aside a default judgment

must set forth specific facts demonstrating the basis for his defense, and the trial court must then evaluate that defense to determine whether it is meritorious. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). "[A] defaulting party has satisfactorily made a showing of a meritorious defense when allegations in an answer or in a motion to set aside the default judgment and its supporting affidavits, if proven at trial, would constitute a complete defense to the action." 47 AM. JUR. 2D *Judgments* § 856 (2003); *Securities and Exchange Commission v. McNulty*, 137 F.3d 732, 740 (2d Cir. 1998). Defendant has failed to offer a legitimate or cognizable defense in this case. *O.J. Distribution, supra*, 340 F.3d at 353 (6th Cir. 2003); *KPS & Associates, Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 12 (1st Cir. 2003). Defendant has exasperatingly failed to offer any evidence demonstrating that he has a meritorious defense to Plaintiff's claim on which she has been awarded a default judgment. Significantly, Defendant has failed to offer any proof that the Tennessee default judgment is not a final order and has failed to offer any other legitimate reason for this Court to ignore or eschew the Tennessee judgment.

Unlike a tort action or a breach of contract action in which a meritorious defense may be readily available to a Defendant, this case is simply an enforcement of a judgment action in which the underlying controversy has already been adjudicated. Therefore, the time for interposing defenses on the merits of the action has already expired. Undeniably, Defendant had real and constructive notice of the judgment which emanated from the parties' second divorce. When Defendant remarried Plaintiff a third time he had to know there was already a divorce action and divorce decree awarding Plaintiff the assets and properties she is attempting to collect.

Defendant bears the burden of demonstrating that he had met the prerequisites for relief under the FED. R. CIV. P. RULE 60(b). *McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002). Defendant has appallingly failed in his burden of proof, to justify setting aside the default judgment. Even if the Court vacates the judgment in this case, the end result would be the same, because the default judgment of the Tennessee Court is a final judgment and must be enforced pursuant to a constitutional mandate.

Defendant argues that when the parties remarried each other, their previous divorce decrees became null and void; therefore, the parties'

subsequent remarriage to each other terminated the Tennessee Divorce Default Judgment, and it should be dismissed. Plaintiff, however, contends that a divorce decree that settled property rights does not become void upon the remarriage of the parties to each other but remains a legal vested interest in the property. This Court agrees. Defendant has failed to establish a meritorious defense, demonstrating that the Tennessee Default Judgment is void and should not be enforced. Disconcertingly, Defendant has failed to cite any case law which supports his position.[3] The cases Defendant cited in support of his motion to set aside default judgment address the issue of the parties' remarriage to each other and the effect that the subsequent marriage has on the matters of child support, custody and maintenance, but none of the cases address the property rights of each party, once property has been awarded in a prior divorce decree. *See In re Marriage of Doria*, 855 P.2d 28, 29-30 (Colo. App. 1993) (holding that when the parties to a divorce remarry each other, the provisions of the prior decree, affecting the parties for matters of child support, custody, and maintenance are nullified); *Ringstrom v. Ringstrom*, 101 Ill. App. 3d 677, 428 N.E. 2d 743, 57 Ill. Dec. 193 (1981) (holding that after remarriage, the parties' relationship to the children and the duty to furnish support become exactly as they were before the divorce, and a judgment for custody or for an amount of support of the children cannot be maintained based on the prior decree).

While to challenge the merits of the foreign judgment Defendant would have to litigate the judgment in the Courts of Tennessee, the general rule is abundantly clear with regards to the division of property in divorce decrees. Several states, including Tennessee, that have addressed this issue, have held that once a divorce decree is entered, each party retains the rights to the property awarded each party in the divorce decree. *Hurst v. Hurst*, 2001 Tenn. App. LEXIS 310 (2001); *In re Marriage of Taylor*, 992 S.W.2d 616 (Tex. App. 1999); *Travis v. Travis*, 227 Ga. 406, 181 S.E.2d 61 (1971). In *Hurst*, Mrs. Hurst, after her second divorce from Mr. Hurst, filed a complaint to enforce judgment on the property settlement from the first divorce decree. Mr. Hurst argued that the subsequent marriage and re-divorce caused the previous divorce

---

[3] Although Defendant cited case law in his Memorandum of Points and Authorities, the Court has determined, after examining those cases, that none are germane to the issues pertaining to this action.

decree to become null and void. The Court in *Hurst* held that the property awarded to Mrs. Hurst in the first divorce decree became her separate property, which she brought with her into the second marriage not withstanding that the second marriage was to Mr. Hurst. *Hurst*, 2001 Tenn. App. LEXIS 310 *6. In the case of *In re Marriage of Taylor*, 992 S.W.2d 616 (Tex. App. 1999), the Texas Court of Appeals similarly held that the property awarded to a husband in the first divorce proceeding was the husband's separate property and not subject to division as community property following remarriage to his wife, and their subsequent divorce. *See also Waldrep v. Goodwin*, 348 So. 2d 491, 493 (Ala. 1977).

## CONCLUSION

This Court holds that properties obtained by one spouse pursuant to a divorce decree or judgment remain the sole property of the spouse to whom it has been awarded, despite the divorced parties' remarriage to each other. The Court further holds that any challenge or attempt to set aside a default judgment or to appeal a default judgment entered by a Tennessee Court can only be done in the Courts of Tennessee and cannot be done in a legal proceeding in a Virgin Islands Court to enforce the judgment under the Full Faith and Credit Clause of the United States Constitution.

For the above reasons, Defendant's motion to set aside the default judgment in this case is denied, and Plaintiff will be allowed to have the Tennessee default judgment enforced under the Full Faith and Credit Clause of the United States Constitution. An appropriate order will follow.