Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

# OPINION

No. 04-09-00641-CV

Irma **GOMEZ**,
Appellant

v.

Luis Antonio **GOMEZ**,
Appellee

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-09255
Honorable Gloria Saldaña, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed: May 26, 2010

REVERSED AND REMANDED

Irma Gomez appeals from a final decree of divorce dissolving the marriage of Irma and Luis

Antonio Gomez and dividing the property of the community estate. On appeal Irma contends the

trial court erred when it found that I.G., a minor child born during the marriage of Irma and Luis, is

not the child of Luis. In accord with this finding, the trial court also applied an offset in the property

division for "back child support" previously paid by Luis in the form of expenses of raising I.G. as

his child for thirteen years. Irma challenges this property division, as well as the trial court's failure

to address whether Luis converted approximately $50,000 in community property. We reverse the portions of the trial court's judgment that: (1) find that I.G. is not a child of the marriage; and (2) divide the property. We render judgment that I.G. is a child of the marriage; however, we remand the cause to the trial court to reconsider the division of property and to consider issues relating to child support and visitation.

### PATERNITY OF I.G.

Irma raises several complaints relating to the trial court's finding that I.G. is not Luis's child. Irma contends Luis was precluded from disproving the father-child relationship because he failed to prove the statutory exception to the four-year limitations bar. Irma further contends the trial court erred in admitting DNA test results in the absence of expert testimony to authenticate the test results.

A presumption of paternity exists if a man is married to the mother of the child and the child is born during the marriage. TEX. FAM. CODE ANN. § 160.204(a) (Vernon 2008). This presumption legally establishes the father-child relationship between the man and the child. *Id.* at § 160.201(b)(1). In this case, the evidence is undisputed that Irma and Luis were married on June 16, 1973, and separated in 2007. I.G. was born on January 23, 1996, during the marriage. Accordingly, Luis is presumed to be I.G.'s father.

When a child has a presumed father, a proceeding to adjudicate the parentage of that child must be commenced not later than the fourth anniversary of the date of the birth of the child. TEX. FAM. CODE ANN. § 160.607(a) (Vernon 2008). In this case, the divorce proceeding giving rise to the parentage challenge was filed in June of 2007, more than four years after I.G. was born. A statutory exception to the four-year limitations bar, however, permits a proceeding seeking to

disprove the father-child relationship between a child and a child's presumed father to be maintained at any time if the court determines that:

> (1) the presumed father and the mother of the child did not live together or engage in sexual intercourse with each other during the probable time of conception; ***and***
>
> (2) the presumed father never represented to others that the child was his own.

*Id*. at § 160.607(b).  Luis had the burden to prove the two requirements necessary to establish this exception to the limitations bar.  *See In re Rodriguez*, 248 S.W.3d 444, 451-52 (Tex. App.—Dallas 2008, orig. proceeding).

> In the divorce decree, the trial court expressly found the following:
>
> Pursuant to Texas Family Code Section 160.607, the Court finds that the parties did not engage in sexual intercourse with each other during the probable time of conception.  The Court finds that the child, [I.G.], is not the child of Respondent, Luis Antonio Gomez.
> The Court further finds that there was no bonding between the child and the Respondent, Luis Antonio Gomez, as testified to by the Petitioner, Irma Gomez.  The Court further finds that Petitioner did not want to grant Respondent any possession and access to the child as testified to by Petitioner, Irma Gomez.

Even assuming the evidence is sufficient to support the trial court's finding that Luis and Irma did not engage in sexual intercourse during the time of I.G.'s conception, the trial court did not find that Luis never represented to others that I.G. was his own.  Finding that no bond existed between I.G. and Luis does not equate to such a finding.  Moreover, such a finding would have been unsupported by the evidence because the evidence established that Luis was listed as I.G.'s father on I.G.'s birth certificate, in school records, and in tax returns.  *See In re R.O.*, No. 03-04-00506-CV, 2005 WL 910231, at *3 (Tex. App.—Austin Apr. 21, 2005, no pet.) (relying on presumed father's name on child's birth certificate as some evidence that presumed father treated child as his own) (mem. op.).

Therefore, the evidence is legally insufficient to prove the exception to the four year limitations bar. As a result, Luis was barred from seeking to adjudicate I.G.'s parentage, and the trial court erred in finding I.G. is not a child of the marriage.[1] Accordingly, the provisions of the divorce decree relating to the child of the marriage, including the failure to award child support and visitation, are reversed. We do not address Irma's issue pertaining to the admission of the DNA test results because its resolution is not necessary to the disposition of this appeal. *See* TEX. R. APP. P. 47.1.

### PROPERTY DIVISION

With regard to the trial court's division of property, Irma contends that the trial court improperly awarded an offset in the property division for "back child support" based on its erroneous finding that I.G. is not Luis's child. In addition, Irma contends the trial court erroneously failed to address her contention that Luis converted approximately $50,000 of community funds.

In reviewing a trial court's division of property, we must consider whether the evidence in the record demonstrates that the division was so unjust and unfair as to constitute an abuse of discretion. *Lifshutz v. Lifshutz*, 199 S.W.3d 9, 18 (Tex. App.—San Antonio 2006, pet. denied); *Pletcher v. Goetz*, 9 S.W.3d 442, 446 (Tex. App.—Fort Worth 1999, pet. denied). The test for whether the trial court abused its discretion is whether the court acted arbitrarily or unreasonably. *Lifshutz*, 199 S.W.3d at 18; *Pletcher*, 9 S.W.3d at 446.

---

[1] In his brief, Luis refers to equitable estoppel as a defense to the limitations bar. Equitable estoppel, however, is an affirmative defense that must be pled or it is waived. *See In re G.T.S.*, No. 01-09-00212-CV, 2009 WL 3248199, at *4 n.9 (Tex. App.—Houston [1st Dist.] Oct. 8, 2009, no pet.) (mem. op.); *Daniel v. Falcon Int. Realty Corp.*, 190 S.W.3d 177, 188 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *City of Univ. Park v. Van Doren*, 65 S.W.3d 240, 251 (Tex. App.—Dallas 2001, pet. denied). The clerk's record contains no pleading filed by Luis that refers to equitable estoppel. In fact, the last pleading filed by Luis before trial, his first amended original counterpetition for divorce, asserts that Irma and Luis are I.G.'s parents and requests that they be appointed as joint managing conservators. Therefore, Luis has waived any argument based on equitable estoppel.

A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support its decision. *Garza v. Garza*, 217 S.W.3d 538, 549 (Tex. App.—San Antonio 2006, no pet.). Because in family law cases the abuse of discretion standard of review overlaps the traditional sufficiency standards of review, legal and factual insufficiency are not independent grounds of reversible error; instead, they constitute factors relevant to our assessment of whether the trial court abused its discretion. *Id*. Therefore, in considering whether the trial court abused its discretion because the evidence is legally or factually insufficient, we apply a two-prong test: (1) did the trial court have sufficient evidence upon which to exercise its discretion, and (2) did the trial court err in its application of that discretion? *Id*.

With regard to the offset for "back child support," evidence was introduced at trial that during the marriage, Luis purchased a 170 acre tract of property in Frio County with his brothers. Luis used community funds to pay his portion of the purchase price. With regard to the division of the Frio County property, the trial court stated:

> This was at the very beginning of the testimony and that was the impression I had: That she was aware that this had been bought by Mr. Gomez and his brothers. However, of course, the money [Luis] paid was community funds. So I'm going to award the property to him, and I'm not going to require reimbursement of the $26,500, or whatever it was that was paid. But I'm also not going to require Ms. Gomez to reimburse him for the child support that's been paid to date. I'm going to count that as a wash.

Because we hold the trial court erred in finding that I.G. is not Luis's child, this offset also was erroneous.

Once reversible error affecting the "just and right" division of the community estate is found, the court of appeals must remand the entire community estate for a new division. *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985); *In re Marriage of Taylor*, 992 S.W.2d 616, 621 (Tex.

App.—Texarkana 1999, no pet.). Because the "back child support" offset was erroneous, we must remand the case for a new property division; therefore, we do not address Irma's issue regarding Luis's alleged conversion of $50,000 of community funds. *See* TEX. R. APP. P. 47.1 (noting opinions should only address issues necessary to final disposition of the appeal).

## CONCLUSION

The provisions of the divorce decree relating to the child of the marriage and the division of property are reversed. Judgment is rendered that I.G. is a child of the marriage. The cause is remanded to the trial court to reconsider the property division and to consider issues pertaining to the child of the marriage such as child support and visitation.

Catherine Stone, Chief Justice