## In the Matter of the Notice of Filing to Enforce a Foreign Judgment by GLOBAL ONE FINANCIAL, INC., Plaintiff
## v.
## SHERWIN D. REY, Defendant

Civil No. ST-09-CV-519

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

March 11, 2011

RAVI S. NAGI, ESQ., BoltNagi P.C., St. Thomas, USVI, *Counsel for Plaintiff.*

CARL R. WILLIAMS, ESQ., ROBERT L. KING, ESQ., Law Offices of Robert L. King, St. Thomas, USVI, *Counsel for Defendant.*

CARROLL, *Judge*

## MEMORANDUM OPINION

(March 11, 2011)

Plaintiff Global One Financial, Inc.,[1] seeks to domesticate a judgment issued by a Georgian court. Defendant Sherwin D. Rey opposes the action and seeks relief from the Georgia judgment, arguing that it was obtained through fraud and that it was issued by a court lacking personal jurisdiction over Rey. Because the Georgia court fully and fairly litigated the issues of jurisdiction and fraud, the Court rejects Rey's argument and will domesticate the foreign judgment.

## FACTUAL AND PROCEDURAL HISTORY

Global One filed suit in the Superior Court of Gwinnett County, Georgia, against Rey and his company, Caribbean Datacomm, Inc., in 2008. The Gwinnett County court entered both parties' defaults on October 16, 2008. Consequently, on December 26, 2008, the court issued a judgment by default against both parties in the amount of One Million Three Hundred Two Thousand Four Hundred Eleven Dollars and Ninety-Six Cents ($1,302,411.96).[2]

Global One then moved to domesticate that foreign judgment in the Superior Court of the Virgin Islands.[3] Rey filed an "Opposition to Enforcement of Foreign Judgment," on December 23, 2009, which the Court later[4] construed as a Rule 60(b)(3) Motion. In his Rule 60 Motion, Rey argues that the Gwinnett County court lacked personal jurisdiction over him, and that the judgment was obtained as a result of Global One's fraud.

---

[1] Global One is represented in this action by Ravinder Nagi, Esq., of Bolt Nagi P.C. Defendant Sherwin D. Rey is represented by Robert King, Esq., of the Law Offices of Robert King.

[2] The Judgment was issued in Case No. 08-A-07845-6 by the Honorable Ronnie K. Batchelor.

[3] Global One filed its "Notice of Filing of Foreign Judgment" on November 3, 2009. It accompanied that Notice with a certified copy of the Georgia Judgment. On December 2, 2009, it filed proof of mailing on Rey.

[4] The Order construing the Opposition as a Motion was entered on March 25, 2010.

Rey argues that he did not have minimum contacts with the state of Georgia sufficient to satisfy the Constitution's due process clause. According to Rey's Rule 60 Motion, in 2003 he was approached by a salesperson for Lincoln Benefit Life Company, a Nebraska company, in Miami, Florida. Rey decided at that time not to sign a life insurance contract with Lincoln Benefit, but Lincoln Benefit later sent documents to Rey. According to Rey, Lincoln Benefit's representative "fraudulently induced [Rey] to sign the contracts now at issue by assuring [Rey] that monthly premium payments to [Global One] would cease after thirty-six (36) consecutive monthly payments." In addition, Rey says, Lincoln Benefit stated that the annuity being purchased would "become self-sustaining."

Rey states that after his thirty-sixth payment, he contacted Lincoln Benefit because he had received an invoice "for an exponentially increased monthly payment." However, after allegedly looking into the problem, Lincoln Benefit told Rey that he had to continue making increased monthly payments.

Rey states that when he signed the Lincoln Benefit contract, there were no witnesses present and no notary public, but when certain documents, including a Promissory Note in the amount of Four Hundred Fifty Thousand Dollars ($450,000.00), as well as Collateral Assignments and Security Agreements, were submitted to the Georgia court, the documents bore signatures of witnesses, agents and a notary public. According to Rey, the Georgia court relied on the "fraudulently executed contracts" when it determined that it had personal jurisdiction. In addition, he says he believed he was working with a Nebraska company, not Global One, a Georgia company. For these reasons, Rey argues, the Georgia court lacked personal jurisdiction to issue its Judgment against him.

On June 9, 2010, Rey filed a Motion to Set Aside Default Judgment with the Gwinnett County court, a copy of which he filed with this Court on July 14, 2010. By Order entered on September 13, 2010, the Court stayed this action while the Gwinnett County court decided Rey's Motion. On August 30, 2010, the Gwinnett County court denied Rey's Motion to Set Aside. Global One filed that Order with this Court on September 7, 2010. The August 30 Order denying the Motion to Set Aside addresses and rejects Rey's arguments regarding the Gwinnett County court's lack of personal jurisdiction over him.

## DISCUSSION

## I. THE GEORGIA JUDGMENT, THOUGH SUBJECT TO THE SAME DEFENSES AND MOTIONS TO REOPEN AS A JUDGMENT ISSUED BY A VIRGIN ISLANDS COURT, IS GIVEN FULL FAITH AND CREDIT BY THIS COURT.

The Legislature of the Virgin Islands adopted the Uniform Enforcement of Foreign Judgments Act (UEFJA) in 1992.[5] According to the Act, properly authenticated foreign judgments are to be treated "in the same manner" as a Superior Court judgment, they have the "same effect" and they are "subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a [Superior Court judgment] and may be enforced or satisfied in like manner."[6]

In this case, Global One complied with the UEFJA by filing a properly authenticated foreign judgment and it filed an affidavit "setting forth the name and last known post office address of the judgment debtor and the judgment creditor."[7]

██ Even the UEFJA, which describes the manner in which foreign judgments "shall be proved," is limited by the Full Faith & Credit Clause of the U.S. Constitution.[8] The Clause requires courts of each state[9] to give full faith and credit to the judicial proceedings of the courts of every other state. While courts need not give full faith and credit to a judgment of a court that lacked jurisdiction in the first instance, if the originating court "fully and fairly litigated and finally decided" issues of jurisdiction, those decisions are binding on the second court.[10]

---

[5] Act. No. 5777, Sess. L. 1992, *codified* at V.I. CODE ANN. tit. 5, §§ 551-558 (1997).

[6] V.I. CODE ANN. tit. 5, § 553 (1997).

[7] 5 V.I.C. § 554(a).

[8] U.S. CONST. art. IV, § 1 ("Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof").

[9] The Full Faith and Credit Clause is explicitly made applicable to the Virgin Islands by Section 3 of the Revised Organic Act of 1954, 68 Stat. 497 (July 22, 1954).

[10] *Underwriters Nat'l Assurance Co. v. North Carolina Life & Accident & Health Ins, Guar. Ass'n*, 455 U.S. 691, 706, 102 S. Ct. 1357, 71 L. Ed. 2d 558 (1982) (quoting *Durfee v. Duke*, 375 U.S. 106, 111, 84 S. Ct. 242, 11 L. Ed. 2d 186 (1963)); *see also Malpere v. Malpere*, 46 V.I. 118, 122-23 (Terr. Ct. 2004) (observing that the Full Faith and Credit Clause requires Virgin

## II. REY'S MOTION FOR RELIEF FROM JUDGMENT FAILS BECAUSE THE GWINNETT COUNTY COURT FAIRLY AND FULLY LITI-GATED THE ISSUES OF PERSONAL JURISDICTION AND FRAUD.

Rey objects to the Default Judgment issued by the Georgia court. Rule 50 of the Rules of the Superior Court provides that Rules 59 to 61, inclusive, of the Federal Rules of Civil Procedure, shall govern such motions. The Court construed Rey's objection to Global One's Filing of a Foreign Judgment as a Rule 60(b) motion. Relief from a judgment is appropriate pursuant to Rule 60 when a party alleges that the judgment was obtained through fraud. He states that the Georgia court only issued its judgment because it was defrauded into believing it had personal jurisdiction over Rey.

However, the Court need not examine an issue already addressed and decided by another court. Rey already raised his personal jurisdiction objection before the Gwinnett County court in his Motion to Set Aside Default Judgment. That court received briefs and held a hearing on the issue. Nonetheless, it concluded that Rey had been properly served in the Georgia case, and that he had failed to disprove Global One's evidence that the Georgia court had personal jurisdiction over him.[11] In addition, it found the record devoid of evidence that Global One had perpetrated fraud on the court in order to obtain the Judgment.

■ Therefore, because the issues of personal jurisdiction and fraud were "fully and fairly litigated and finally decided"[12] by the Gwinnett County court, this Court must give full faith and credit to its final decision. By separate Order, the Court will deny Rey's Rule 60 Motion and domesticate Global One's Gwinnett County Judgment.

---

Islands courts to enforce decisions of other states to the extent they would be enforced in the Virgin Islands).

[11] The Gwinnett County court concludes that "the record and evidence show that Rey and Caribbean Datacomm, Inc. purposefully and intentionally availed themselves of the benefits of doing business with a Georgia corporation for over two years, during which time Rey and Caribbean Datacomm, Inc. received loan proceeds of over $1,450,000.00 from said Georgia corporation. This Court reasonably, legally, and appropriately exercised personal jurisdiction over both Rey and Caribbean Datacomm, Inc. in accordance with O.C.G.A. § 9-10-91, and Rey and Caribbean Datacomm, Inc. have failed to meet their burden in proving otherwise." (Pl.'s Notice of Filing, Sept. 7, 2010, Ex. A, at 7.)

[12] *Underwriters Nat'l Assurance Co.*, 455 U.S. at 706.