## SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

IN THE MATTER OF DEREK LEE CLIVE
OLIVER

Civil No. SX-19-CV-593

ENFORCEMENT OF FOREIGN
JUDGMENT

CITE AS: 2020 VI SUPER 94P

**Appearances:**
**Derek Lee Clive Oliver,** *Pro se*

## MEMORANDUM OPINION

**WILLOCKS, Presiding Judge**

¶1     **THIS MATTER** came before the Court on Petitioner Derek Lee Clive Oliver's

(hereinafter "Petitioner") petition for filing foreign judgment, filed on November 22, 2019.

## BACKGROUND

¶2     In his petition, Petitioner petitioned the Court to domesticate a "Decree/Confirm Gender

Change and Order Amendment of Birth Certificate of Person Born Outside Connecticut" from the

State of Connecticut, Wallingford Probate Court, dated May 21, 2019 (hereinafter "Connecticut

Order"), whereby the Connecticut court stated:

¶3          On the petition to confirm the petitioner's change in gender and enter an order to
           amend the petitioner's original birth certificate to reflect the gender change, as in the record
           more fully appears,

           After due hearing, the Court finds that:
           The petitioner resides in the probate district.
           The petitioner was giving in accordance with the order of notice previously entered.
           The petitioner was born on October 16, 1991 in St. Croix, Virgin Islands.
           The petitioner's original birth certificate lists the sex of the petitioner as female.
           The petitioner has presented sufficient evidence that the petitioner's gender differs from
           the sex designated on the original birth certificate, including a notarized affidavit from a
           licensed physician advanced practice registered nurse or a psychologist that the petitioner

has undergone surgical, hormonal or other treatment clinically appropriate for the petitioner for the purpose of gender transition.

Wherefore it is ordered and decreed that:

The petitioner's gender differs from the sex designated on the petitioner's original birth certificate.

The court orders that the petitioner's original birth certificate be amended to reflect that the petitioner is male. The petitioner shall transmit a copy of this decree to the registration authority of the petitioner's place of birth.

As such, Petitioner requested the Court to "recognize and enforce the [Connecticut Order] ordering the Virgin Islands Department of Health, St. Croix District, Office of Vital Records and Statistics to amend Petitioner's birth certificate to reflect that he is male." (Petition, p. 1) In support of his petition, Petitioner attached a copy of the Connecticut Order and an affidavit of Petitioner, dated November 19, 2019.

## STANDARD OF LAW

¶4    The enforcement of foreign judgments in the Virgin Islands is governed by the Virgin Islands Uniform Enforcement of Foreign Judgments Act, Virgin Islands Code, Title 5, section 551, et seq. Title 5, section 553 of the Virgin Islands Code provides:

A copy of any foreign judgment authenticated in accordance with an act of Congress or the statutes of the United States Virgin Islands may be filed in the Office of the Clerk of the Superior Court. The Clerk shall treat the foreign judgment in the same manner as a judgment of the Superior Court of the Virgin Islands. A judgment so filed shall have the same effect and shall be subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of the Superior Court of the Virgin Islands and may be enforced or satisfied in like manner. Title 5 V.I.C. § 553.

This is consistent with the Full Faith and Credit Clause of the U.S. Constitution, which is applicable to the Virgin Islands through Section 3 of the Revised Organic Act of 1954. *Malpere v. Malpere*, 46 V.I. 118, 122 (Terr. Ct. Dec. 29, 2004) (citing 68 Stat. 497 (July 22, 1954)). "A final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter

and persons governed by the judgment, qualifies for recognition throughout the land." *Malpere*, 46 V.I. at 122 (citing *Baker by Thomas v. General Motors Corporation*, 522 U.S. 222, 118 S. Ct. 657, 139 L. Ed. 2d 580 (1998)). "Essentially, the Full Faith and Credit Clause generally requires every State to give to a judgment at least the *res judicata* effect which the judgment would be accorded in the State which rendered it." *Malpere*, 46 V.I. at 122 (citing *Durfee v. Duke*, 375 U.S. 106, 109, 84 S. Ct. 242, 11 L. Ed. 2d 186 (1963); *Mills v. Harmon Law Offices, P.C.*, 344 F.3d 42 (1st Cir. 2003)).

## DISCUSSION

¶5    Here, the copy of the Connecticut Order Petitioner provided is signed and sealed; there is no doubt as to its authenticity. The Connecticut Order is also a final judgment; the Connecticut court heard Petitioner's case in its entirety, made findings of facts, entered a decree, and thereby closed the matter. However, the Court must note that while the Connecticut court had subject matter jurisdiction over its resident's petition to confirm gender change,[1] the Connecticut court did not have subject matter jurisdiction over the enforcement measures to amend a Virgin Islands birth certificate. *See* Title 5 V.I.C. § 553 ("A judgment so filed shall have the same effect and shall be subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of the Superior Court of the Virgin Islands and may be enforced or satisfied in like manner."); *see e.g., In re Cleopatra Cameron Gift Tr.*, 2019 S.D. 35, ¶ 21, 931 N.W.2d 244, 250 ("There are, however, certain limitations upon the requirements of the Full Faith and Credit Clause. Providing full faith and credit to a foreign state's judgment "does not mean that States must adopt the    practices    of    other    States    regarding    the    time,    manner,    and    mechanisms    for

---

[1] The Connecticut Order listed an address in Wallingford, Connecticut for Petitioner.

enforcing judgments. Enforcement measures do not travel with the sister state judgment as preclusive effects do; such measures remain subject to the evenhanded control of forum law."); *Irby v. Haden*, 2008 U.S. Dist. LEXIS 120647, at *5-6 (N.D. Cal. June 25, 2008) ("Enforcement measures, however, do not travel with the sister state judgment. Rather, enforcement measures are those of the forum state. Accordingly, a foreign judgment that is registered in district court in California is subject to California enforcement measures. As applied here, this means that, although the original underlying judgment arose in Texas, plaintiff's registration of the judgment in California district court means that it is California law that controls the question of its enforcement in California."). As such, the Connecticut Order will be domestically recognized by the courts of the Virgin Islands to the extent that it confirmed Petitioner's gender change and ordered an amendment of Petitioner's birth certificate, but the time, manner, and mechanisms for enforcing the amendment of Petitioner's birth certificate will be determined by Virgin Islands law.

## A. Amendment of Virgin Islands Birth Certificate

¶6    Title 19, Chapter 37 of the Virgin Islands Code governs the vital statistics of the Virgin Islands including births and deaths. Title 19 V.I.C. § 801 et seq. The Commissioner of Health for the Virgin Islands or any of his duly authorized representatives (hereinafter "Commissioner of Health") is the Registrar of Vital Statistics and in charge "of the registration of births, deaths, and other vital statistics in the Virgin Islands." Title 19 V.I.C. §§ 801-802. Title 19, section 804 of the Virgin Islands Code mandates that "[n]o certificate of birth, death or foetal death after its acceptance by the local registrar for registration, and no other record made in pursuance of this chapter, shall be altered or changed in any respect otherwise than by amendments properly dated, signed and witnessed, and that the word "amended" be stamped and signed by the registrar on the

face of the document." Title 19 V.I.C. § 804(b). Additionally, Title 19, section 804 of the Virgin Islands Code further mandates the Commissioner of Health to "arrange, bind and permanently preserve the certificates in a systematic manner, and…prepare and maintain a comprehensive and continuous card index of all births and deaths registered, said index to be arranged alphabetically, in the case of deaths by names of decedents, and in the case of births, by the names of the children." Title 19 V.I.C. § 804(c). One of the Commissioner of Health's main duty is to maintain the integrity and accuracy of the births on the Virgin Islands by, inter alia, "permanently preserve the certificates" and "maintain a comprehensive and continuous card index of all births…registered" as directed by Title 19, section 804 of the Virgin Islands Code. Id. The purpose of a birth certificate is to record the facts of the birth. Thus, while the Court finds that a birth certificate may be amended from time to time to reflect the amendment of facts after a person's birth, it is important to keep his/her original birth certificate to not alter the historical facts surrounding his/her birth.

¶7     In this instance, Petitioner did not request an amendment by alleging that his original birth certificate inaccurately states the facts of his birth. Instead, Petitioner requested an amendment due to a change of facts after his birth—to wit, Petitioner now identifies as a male after his gender change. To allow Petitioner to amend the sex designated on his original birth certificate by deleting his original birth certificate and issuing a new birth certificate to replace his original birth certificate in the Commissioner of Health's records based on a change of facts after his birth would compromise the integrity and accuracy of his birth certificate as it would no longer accurately reflect the facts if his birth. In other words, to simply allow the deletion of a person's original birth certificate and the issuance of a new birth certificate to replace the original birth certificate in the Commissioner of Health's records based on changes after a person's birth would undermine the integrity and accuracy of the records and contradict the statutory mandate to "permanently preserve

the certificates" and "maintain a comprehensive and continuous card index of all births...registered." Title 19 V.I.C. § 804(c).

¶8 As such, the Court will order that: (i) the Connecticut Order shall be accepted and treated in the same manner as a judgment of the Superior Court of the Virgin Islands to the extent that the Connecticut Order confirmed Petitioner's gender change and ordered an amendment of Petitioner's birth certificate, (ii) a copy of the Connecticut Order shall be attached to this Order; (iii) the time, manner, and mechanisms for enforcing the amendment of Petitioner's birth certificate shall be consistent with Virgin Islands law, (iv) a copy of this Order and a copy of the Connecticut Order, shall be issued to: Petitioner, Justa E. Encarnacion, Health Commissioner and Chief Public Health Officer of the V.I. Department of Health, Dwayne Henry, the Chief Legal Counsel at the V.I. Department of Health, and the Office of Vital Records and Statistics of the V.I. Department of Health, (v) upon Petitioner's completion of the required paperwork for the application of the amendment birth record, if any, the Office of Vital Records and Statistics of the V.I. Department of Health shall issue an amended birth certificate to Petitioner reflecting that Petitioner is male, (vi) the amended birth certificate shall be properly dated, signed and witnessed, and that the word "amended" be stamped and signed by the registrar on the face of the document in compliance with Title 19, section 804(b) of the Virgin Islands Code, and (vii) that the Office of Vital Records and Statistics of the V.I. Department of Health shall affix the original birth certificate, the amended birth certificate, a copy of this Order, and a copy of the Connecticut Order together in their records to permanently preserve the certificates and maintain a comprehensive record in compliance with Title 19, section 804(c) of the Virgin Islands Code.

## CONCLUSION

¶9      Based on the foregoing, the Court will grant Petitioner's petition for filing foreign judgment. Additionally, the Court will close this matter since there are no other pending issues herein. An order consistent with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE and so ORDERED this** _____ **day of November 2020.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor

Dated: _____

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

IN THE MATTER OF DEREK LEE CLIVE
OLIVER

Civil No. SX-19-CV-593

**ENFORCEMENT OF FOREIGN
JUDGMENT**

**CITE AS: 2020 VI SUPER 94P**

**Appearances:**
**Derek Lee Clive Oliver,** *Pro se*

## ORDER

**WILLOCKS, Presiding Judge**

In accordance with the Memorandum Opinion entered contemporaneously herewith, it is hereby:

**ORDERED, ADJUDGED, AND DECREED** that Petitioner's petition for filing foreign judgment, filed on November 22, 2019, is **GRANTED**. It is further:

**ORDERED, ADJUDGED, AND DECREED** that the Connecticut Order shall be **ACCEPTED** and **TREATED IN THE SAME MANNER** as a judgment of the Superior Court of the Virgin Islands to the extent that the Connecticut Order confirmed Petitioner's gender change and ordered an amendment of Petitioner's birth certificate. It is further:

**ORDERED** that a copy of the Connecticut Order shall be attached to this Order. It is further:

**ORDERED** that the time, manner, and mechanisms for enforcing the amendment of Petitioner's birth certificate shall be consistent with Virgin Islands law. It is further:

**ORDERED** that a copy of this Order and a copy of the Connecticut Order, shall be issued to: (1) Petitioner, (2) Justa E. Encarnacion, Health Commissioner and Chief Public Health Officer

of the V.I. Department of Health, (3) Dwayne Henry, the Chief Legal Counsel at the V.I. Department of Health, and (4) the Office of Vital Records and Statistics of the V.I. Department of Health. It is further:

**ORDERED** that, upon Petitioner's completion of the required paperwork for the application of birth record, the Office of Vital Records and Statistics of the V.I. Department of Health shall issue an amended birth certificate to Petitioner reflecting that Petitioner is male. It is further:

**ORDERED** that the amended birth certificate shall be properly dated, signed and witnessed, and that the word "amended" be stamped and signed by the registrar on the face of the document in compliance with Title 19, section 804(b) of the Virgin Islands Code; the amended birth certificate need not specify the information that was amended.[1] It is further:

**ORDERED** that the Office of Vital Records and Statistics of the V.I. Department of Health shall affix the original birth certificate, the amended birth certificate, a copy of this Order, and a copy of the Connecticut Order together in their records to permanently preserve the certificates and maintain a comprehensive record in compliance with Title 19, section 804(c) of the Virgin Islands Code.[2] **And** it is further:

**ORDERED** that this matter is hereby **CLOSED**.

---

[1] In the event that it has not been the custom and practice of the Office of Vital Records and Statistics of the V.I. Department of Health to have the word "amended" stamped and signed by the registrar on the face of the amended birth certificate, they shall make the appropriate adjustments to allow them to immediately start complying with the requirements of Title 19, section 804(b) of the Virgin Islands Code.

[2] Similarly, in the event that it has not been the custom and practice of the Office of Vital Records and Statistics of the V.I. Department of Health to affix the original birth certificate, the amended birth certificate, and the relevant document directing or authorizing the amendment together in their records to permanently preserve the certificates and maintain a comprehensive record, they shall make the appropriate adjustments to allow them to immediately start complying with the requirements of Title 19. section 804(c) of the Virgin Islands Code.

**DONE and so ORDERED this** ___18ᵗʰ___ **day of November 2020.**

**ATTEST:**
Tamara Charles
Clerk of the Court

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

By: _____
Court Clerk Supervisor

Dated: ___11/19/2020___